STATE EX REL. MAUDE M. COFFIELD, Relator, v. THOMAS B. BUCKNER, Judge, Respondent.

Kansas City Court of Appeals, December 31, 1917.

1. **HABEAS CORPUS: Certiorari: Juvenile Court: Custody of Child.** A female child, seven years old, at the instance of her father, was adjudged to be the ward of the Juvenile court, a branch of a circuit court of Missouri, and taken into the care and custody of the court. The court placed her in charge of her mother who was to report to the court at stated periods. Afterwards the father obtained a divorce in a district court in Kansas and was awarded the custody of the child. He then came to Missouri and instituted a *habeas corpus* proceeding against the mother (his former wife) in another circuit court, which latter court discharged the child from the mother and the Juvenile court and awarded her to the father. On application of the mother, the Court of Appeals directed a writ of *certiorari* to the latter court requiring it to send to such Court of Appeals the record of the proceedings in the matter of the *habeas corpus*, and finding that such record contained the foregoing facts, *held* that the latter court had exceeded its jurisdiction in its judgment discharging the child from the custody of the Juvenile court and mother and quashed such judgment.

2. ——: **Return: Reply: Verification.** The facts stated in a return to a writ of *habeas corpus* will be taken as true unless denied in an answer or reply pleading properly sworn to; and a reply or answer not so verified is not sufficient.

3. ———: **Excess of Jurisdiction: Custody: Certiorari.** Where a court exceeds its jurisdiction by a proceeding in *habeas corpus* by interfering with the judgment of another court of equal jurisdiction which had in its custody and care an infant child a writ of *certiorari* from a superior court is a proper remedy.

4. ———: **Successive Writs: Res Adjudicata.** Where a person restrained of his liberty is refused a discharge by a court on a writ of *habeas corpus*, he may apply successively to any court of superior jurisdiction in the order of their superiority. But if the person is discharged, the judgment therein is *res adjudicata* as to any other writ except new matter has arisen changing the *status*.

5. **JURISDICTION: Foreign State: Divorce: Custody of Child.** A district court in Kansas in which a divorce action is pending in awarding the custody of a child cannot deprive a Juvenile court in Missouri of its possession and custody of such child, the latter court having obtained jurisdiction before the action of the court in Kansas, and no effect will be allowed by the courts of Missouri to the action of the court in Kansas.

Original Proceeding in *Habeas Corpus*.

JUDGMENT QUASHED.

*L. C. Boyle* and *A. E. Watson* for petitioner.

*Halbert H. McCluer* for respondent.

ELLISON, P. J.—This is an original proceeding by *certiorari* begun at the relation of Maude M. Coffield, whereby it is sought to inquire into the validity of an order or judgment of one of the divisions of the Jackson County Circuit Court presided over by Judge Buckner in a *habeas corpus* proceeding in that court, begun by Lewis E. Coffield, whereby he sought to have the custody and care of an infant child named Charmain L. Coffield discharged from its custodian and awarded to himself, said infant being the child of Maude and Lewis. It is alleged in relator's petition for the writ of *certiorari*, that on the record in the *habeas corpus* proceedings such circuit court was without jurisdiction, or, at least, had exceeded its jurisdiction in

interfering with the custody and care of the child at the instance of Lewis Coffield.

Judge Buckner has made return of the record in the *habeas corpus* proceedings, including the order awarding the custody of the child to said Lewis Coffield. The writ of *habeas corpus* was directed to the relator herein, in whose immediate custody the child was, and she made return thereto, wherefrom it appears that she is the mother of the child and that she and the child living with her became residents of Jackson County, Missouri, in September, 1914. That subsequently, in October, 1914, proceedings were instituted in the Juvenile court of Jackson County (one of the divisions of the circuit court), a court of competent jurisdiction presided over by Judge Porterfield, by Lewis E. Coffield wherein it was sought to place such child in the custody, care and wardship of said court as provided by the statute, sections 4098-4122, Revised Statutes 1909. Such proceedings in due time came for hearing, both the relator herein and Lewis E., the father, being present, when, after due consideration, a judgment of such court was entered declaring said child to be a neglected child and that she became the ward of the court. That subsequently said Juvenile court considering relator, the mother, to be a fit person to entrust with the conditional custody of the child, ordered such custody, with instructions that she should care for it and administer to it, reporting from time to time to the court as to its condition.

It is then further shown by such return in said *habeas corpus* proceedings, that after the judgment and orders of the Juvenile court had been entered, Lewis E. Coffield prosecuted a divorce suit in Allen county in the State of Kansas whereby, in entire disregard of the jurisdiction orders and judgments of the Juvenile court in Missouri, he sought to obtain, and did obtain, an order of the district court in Kansas awarding the custody of the child to himself, the child all the while residing in Missouri and a ward of, and in the custody of, the Juvenile court. That afterwards, the relator finding the judgment of the Kansas court had been rendered in her

absence and dsiring to have it set aside, went there for that purpose, and the child needing her daily care, was permitted by the Juvenile court to accompany her under the condition and understanding that she should return it to the Juvenile court. That when she took the child within the territorial jurisdiction of the District court in Kansas that court wrongfully deprived her of the possession of the child and gave the possession to Lewis E. Coffield, the father. That she protested the action of such court, which finally modified its order by dividing the custody between the father and its maternal grandmother, this relator also staying with the grandmother while in Kansas and continuing her care of the child. It is then further stated in said return that she received notice from the Juvenile court in Missouri and the "Probation Officer" of that court directing her to return the child and to make report of its condition; that she thereupon returned the child to the Juvenile court in this State, and then, at the suggestion of the probation officer, she placed the child in the Loretta Academy in Kansas City, Missouri, as a pupil, but that such child, by order of the Juvenile court, remained the ward of such court. It is then stated in the return that the orders of the District court of Kansas were in total disregard of the jurisdiction first obtained by the Juvenile court in Missouri.

It is further stated in said return that Lewis E. Coffield is an unfit person to have the custody of a female child of tender years on account of his personal habits, conduct and mode of living, and that he would put her out in the custody of strangers or relatives. That he has not and does not now, contribute to her support.

It is finally stated in said return that the judgment and orders of the Juvenile court are in full force and effect and the child is the ward of said Juvenile court and that the division of the court issuing the. writ of *habeas corpus* is without jurisdiction by. that mode to interfere with the judgment of the Juvenile court by setting aside its orders and usurping its functions.

This return of the writ of *habeas corpus* issued by the division of the circuit court presided over by Judge Buckner must be taken as true unless denied by proper reply. [In re Breck, 252 Mo. 302, 319.]

There is a paper included in the record of the *habeas corpus* proceedings denominated a reply. It is merely a general denial "of each and every allegation contained in the return." It is not verified and therefore fails to meet the requirement of section 2468, Revised Statutes 1909, and cannot be accepted as controverting the truth of the return.

Accepting, therefore, the return to the writ issued by the division of the circuit court presided over by Judge Buckner, as the facts in the case, we must determine whether such facts disclose that such court had the lawful right, power or authority to discharge the child from the care, custody, and wardship of the Juvenile division of the circuit court presided over by Judge Porterfield.

By reference to the before mentioned sections 4098-4122, Revised Statutes 1909, it will be seen that in counties having more than one circuit judge, they shall designate one of their number to preside over a court which, for convenience, is called a Juvenile court. It will be seen that jurisdiction is conferred upon such court, upon complaint or information, to have "neglected" children, under sixteen years of age, brought before it and that it may take and keep the custody of a neglected child under that age, and that it may commit such child to some reputable person (sec. 4102) but such action taken by the court will not cause the court to lose jurisdiction and control of the child.

We have seen from the return in the *habeas corpus* proceedings made to the division of the circuit court presided over by Judge Buckner that the Juvenile division of the circuit court presided over by Judge Porterfield, was legally and rightfully in charge of the child now in controversy, having complete and lawful jurisdiction in the manner of its care and custody. It follows that the division of the circuit court pre-

sided over by Judge Buckner, when the facts appeared in the confessed return showing such jurisdiction and custody in the Juvenile court, exceeded its jurisdiction in proceeding with the *habeas corpus* proceeding and ordering the discharge of the child from the immediate care of its mother and from the jurisdiction and custody of the Juvenile court.

It is probable that the child was thus discharged by reason of the action of the district court in Kansas in the divorce proceedings assuming the authority to dispose of the custody of the child and place such custody with the father and others in that State. But we do not think the court in Kansas was clothed with authority to ignore the prior jurisdiction (asserted and acted upon) of the Juvenile court in this-State. The mere fact that the child had, from necessity, been temporarily taken into Kansas by its mother did not oust the Juvenile court in Missouri of its jurisdiction, nor annul its proceedings; which, as we have seen, were regularly and lawfully asserted and taken at the instance of the relator (father) in the *habeas corpus* proceedings.

It is suggested that the proper remedy has not been sought; that a writ of *habeas corpus* from this court, or the Supreme court, should have been asked. It is true that successive writs of *habeas corpus* may be had by application to superior courts, but that is in instances where the person seeking the benefit of the writ has been remanded to custody he sought to escape, but where the party has been discharged, as in this case, that action is *res adjudicata* in a subsequent writ, unless there has been a change in status, circumstances, or conditions since such discharge. [In re Breck, 252 Mo. 302, 320, 321.]

In support of such suggestion it is further urged that the writ of *certiorari* is not a proper procedure. We think it has the authority of precedent. [State ex rel. v. Dobson, 135 Mo. 1; State ex rel. v. Broaddus, 245 Mo. 123, 140, 141.] To allow success to the effort of Lewis E. Coffield (the father) would cause unseemly. clashes of authority between courts of equal dignity and juris-

diction; and would permit one in the midst of a lawful exercise of jurisdiction first obtained by the other, to step in and overthrow the proceedings thus rightfully instituted and lawfully carried out by the other. It seems clear that this should not be allowed and may be prevented by *certiorari* when the power usurped appears in the record. [State ex rel. v. Dobson, supra; State ex rel. v. Broaddus, supra.]

The judgment of the circuit court division presided over by Judge Buckner in the matter of *habeas corpus* is quashed. All concur.