Ex Parte Charles B. Gugenhine, Petitioner, v. Joseph A. Gerk, Chief of Police.

Court en Banc, September 20, 1930.

*Freeman L. Martin, S. E. Garner, Henry D. Espy* and *S. R. Redmond* for petitioner.

334

*Stratton Shartel*, Attorney-General, and *Ray Weightman*, Assistant Attorney-General, for respondent.

GANTT, J.—Original proceeding in habeas corpus. On petition our writ issued. Petitioner is restrained of his liberty by Joseph A. Gerk, Chief of Police of St. Louis, Missouri. On respondent Gerk making return, the cause was submitted. Thereupon respondent moved for judgment on the pleadings for the reason there was neither denial nor avoidance of the averments of the return. Thereafter petitioner filed a motion to set aside the submission and grant him leave to file answer. The motion was sustained. Petitioner filed answer, and the cause was again submitted. The answer is verified by the oath of petitioner's attorney on information and belief. The petition may be verified by the petitioner or some other competent person (Sec. 1877, R. S. 1919); but the denial or avoidance of averments of the return must be verified by oath of the party brought before the court by virtue of the writ. [Sec. 1903, R. S. 1919.]

It follows that the averments of the return are neither denied nor avoided. In this situation said averments must be taken as true. [In re Breck, 252 Mo. 302, l. c. 319, 158 S. W. 843; In re Tartar, 278 Mo. 356, l. c. 366, 213 S. W. 94; State ex rel. v. Buckner, 198 Mo. App. 230, l. c. 234, 200 S. W. 94; Ex parte Thornberry, 254 S. W. 1087, l. c. 1088.]

A copy of the return (omitting caption and signature) follows:

"Comes Now Joseph A. Gerk, Chief of Police, Metropolitan Police Force, Police Department of the City of St. Louis, a sworn public officer in his official capacity, in obedience to the writ of habeas corpus heretofore issued by this court in the above entitled cause and for his return to said writ respectfully states and shows to the court as follows:

"That on the 22nd day of July, 1930, he had in his custody and under his power and restraint, the said Charles Gugenheine, alias Charles Allen; that said Charles Gugenheine, alias Charles Allen was so held at the time upon an executive warrant issued by the Governor of the State of Missouri by virtue of a requisition made upon him by the Governor of the State of Louisiana and that he is the identical person named in said Governor's warrant of rendition and is now held in my custody by the authority of said process which is attached herewith and made a part of this my return.

"Having made full return this respondent awaits such other and further orders in the premises as to the court may seem just and proper."

A duly certified copy of an affidavit in which the petitioner is charged with the crime of murder was presented to the Governor of this State. A copy of said affidavit follows:

"State of Louisiana,

"Parish of Pointe Coupee.

"Before me, the undersigned authority personally came and appeared Donat J. Porche, a resident of the Parish of Pointe Coupee, State of Louisiana; and the said appearer after having been by me, first duly sworn, deposes and says, that one, Charles Allen, late of the Parish of Pointe Coupee, State of Louisiana, did on the twenty-seventh day of the month of November, in the year eighteen hundred and ninety-seven, wilfully and feloniously and of his malice aforethought kill and murder one, Dr. James A. Rigney, in the Parish of Pointe Coupee, State of Louisiana.

"Affiant further deposes and says that on the day of the commission of said crime the said Charles Allen departed and became a fugitive from justice, and has since been a fugitive from justice.

"WHEREFORE appearer prays that said Charles Allen may be arrested and further dealt with according to law.

"(Signed) DONAT J. PORCHE.

"Sworn to and subscribed before me in the Parish of Pointe Coupee, State of Louisiana, on this, the sixteenth day of the month of July, in the year one thousand nine hundred and thirty.

"(Signed)  J. P. JEWELL,
"Clerk of Court of 18th Judicial District of Louisiana, in and for the Parish of Pointe Coupee, said State and Ex-Officio Notary Public for said Parish.

"State of Louisiana,

"Parish of Pointe Coupee.

"The above and foregoing affidavit being considered, it is ordered that a warrant issue for the arrest of Charles Allen as prayed for, and according to law.

"(Signed) WM. C. CARRUTH.
"Judge, 18th Judicial District of State of Louisiana.

"A true copy this 16th day of July, 1930.

"(Signed)  J.  P.  JEWELL,
"Clerk  18th  Judicial  District Court in and for the Parish of Pointe Coupee State of Louisiana."

"(SEAL)

We note that the clerk of the district court of Louisiana administered the oath to affiant, and he may have written the affidavit. From this it does not follow that the affidavit was made before the clerk, who made no order in the proceeding. The act of Congress requires the affidavit to be made before a magistrate. [Sec. 10126, U. S. Comp. Stat. 1918.] This does not mean that the magistrate must write the affidavit or administer the oath to affiant. It means an affidavit must be laid before a magistrate and that the magistrate acting under said affidavit, order a warrant issued for the arrest of the person charged with the crime. This was done in this instance, as appears from the record. Moreover, the oath was administered to affiant on the 16th day of July, 1930, and the copy of the record of the district court of Louisiana for use in this proceeding is certified by the clerk on the same day. It follows that the order of the judge of said court that a warrant issue for the arrest of petitioner must have been made on the same day. From this we presume the affidavit was made in court. [In re Keller, 36 Fed. 681, l. c. 684; Collins et al. v. Traeger, 27 Fed. (2d) 842, l. c. 844.] The judge of the district court of Louisiana is without question a magistrate within the meaning of the act of Congress, and we think the copy of the affidavit produced is a compliance with said act.

We also note that the seal of the court was not affixed to the jurat on the affidavit. In State v. Forsha, 190 Mo. 296, l. c. 323, 88 S. W. 746, error was assigned on the absence of the seal of the court from the jurat of the clerk on an information charging defendant with the crime of murder. In ruling the question, we said:

"It will be sufficient to say, as to the additional ground urged in the motion to quash the information, 'that the seal of the court was not affixed to the jurat of the clerk, and that the oath was administered by the deputy clerk,' that there is no merit in such contention. The court to whom this motion was addressed is presumed to know its officers and their signatures, and the omission of the seal of the court to the jurat does not invalidate the verification. The purpose of affixing the seal of the court to the jurat of the clerk is in the nature of an attestation of the genuineness of his signature; but the affixing of the seal is not an indispensable requisite to such jurat. As was very appropriately said by the Court of Appeals in State v. Pfenninger, 76 Mo. App. l. c. 317, 'The judge of a court having a clerk will take judicial notice of the signature of the clerk, and an attestation of such signature by a seal is not indispensable to satisfy the judge of the genuineness of his signature, and when the attention of the judge was called to the signature of the clerk by the motion to quash in this case, it will be presumed, in the absence of any evidence to the contrary, that he inspected the signature of the jurat and saw that it was genuine.' "

338

In this connection we also note that the seal of the court is affixed to the certificate of the clerk on the copy of the record of the proceedings in the court of Louisiana. This copy was for use outside of court, and it was proper for the clerk to so attest his signature.

It appearing that the proceeding is in all respects regular, our writ should be quashed and petitioner remanded to the custody of respondent. It is so ordered. All concur, except *Walker* and *Blair*, *JJ.*, absent.