# OCTOBER, 1937.

Ex Parte Sheila Ann Tomlinson; Chet D. Vance, Petitioner, v. French Institute of Notre Dame de Sion, Respondent, D. W. Tomlinson IV, Intervenor.—109 S. W. (2d) 73.

Kansas City Court of Appeals.  October 15, 1937.

598

*Chet D. Vance, pro se,* as petitioner.

*Jenkins & Vance* of Counsel.

*Wilson, Bundschu & Bailey* for respondent.

*Garrett & Ruark* for intervenor.

SHAIN, P. J.—The issues in this case are best shown by embracing herein the petition as follows, to-wit:

*Application For Habeas Corpus*

STATE OF MISSOURI  
COUNTY OF JACKSON   ss.

To the Kansas City Court of Appeals, and to the HONORABLE HOP-KINS B. SHAIN, presiding Judge of the Kansas City Court of Appeals.

Comes now your petitioner Chet D. Vance and for an in behalf of Sheila Tomlinson states that the said Sheila Tomlinson is unlawfully deprived of her liberty by virtue of an order or process issued by the Honorable Daniel E. Bird and relating to a proceeding pending in a certain divorce suit, a copy of said order being attached hereto and made a part hereof; that she is now in custody and deprived of her liberty and held without proper or legal authority, and that said process though in proper form has not been issued in a case and under circumstances not allowed by law; that the process has been issued or executed by a person who is not authorized by law to execute the same and where the person having the custody of Sheila Tomlinson under such process is not the person empowered by law to detain her; that the process is not authorized by any judgment, order or decree or by any provision of law; that the commitment, order or process herein attempted to be issued is illegal and invalid; that Sheila Tomlinson is wrongfully and unlawfully detained as herein set out and unless relief is granted by this court, will be confined and deprived of her liberty during the pendency of her appeal; that the order herein complained of was made on Saturday, February 13, 1937; that there is no provision under the law for the discharge of said Sheila Tomlinson nor is there

any provision under the law for admitting her to bail or posting bond.

Chet D. Vance

For and on behalf of Sheila Tomlinson.

With the petition there is filed the orders and decrees of the Circuit Court of Jackson County, Missouri, awarding the custody of the minor child. Said orders and decrees are in words and figures as follows:

## RETURN TO WRIT OF HABEAS CORPUS

Comes now Mother Mary Irene de Sion and states that she is the Mother Superior and principal of the school known as French Institute of Notre Dame de Sion, located at 3823 Locust Street in Kansas City, Missouri, and as such has charge and control of the affairs of said school and the pupils thereof.

In obedience to the writ of *habeas corpus* heretofore issued by this Court in the above entitled cause and for her return to said writ respondent respectfully states and shows to the Court as follows:

That respondent has the care, custody and control of the minor child known as Sheila Tomlinson and has had such care, custody and control of said minor since the 13th day of February, 1937;

That respondent has said Sheila Tomlinson in her care, custody and control by virtue of and under a decree of Division 8, of the Circuit Court of Jackson County, Missouri, at Kansas City, rendered on said 13th day of February, 1937, in a divorce action which was pending in said Court, entitled D. W. Tomlinson, IV, Plaintiff, v. Virginia S. Tomlinson, defendant, No. 451,266, a duplicate original of said decree, signed by the Judge of said Court, being attached hereto and marked Exhibit "A."

That the respondent, in obedience to said writ of *habeas corpus*, now produce the body of the said Sheila Tomlinson before this Court to be dealt with according to law.

Signed    Mother Mary Irene de Sion
Mother Superior of French Institute
of Notre Dame de Sion, Kansas City,
Missouri.

The father of the child, D. W. Tomlinson, asks leave and is allowed to file intervening petition asking that the above orders and decrees stand.

The petitioner herein by the pleading, challenges the legality of the orders and decrees as above set forth and we deem it our duty to confine the issue to the pleading. In other words, we conclude that the question of the determination by this court as to who is entitled to the possession, care and custody of the child in question, is not, under the pleadings presented to us for consideration and determination. This is further shown by the fact that the return made herein

specifically pleads that the possession of the child is only by virtue of the orders and decrees of the court as above set forth.

It follows that in our determination of the issue we are necessarily confined to the issue made by the pleading, and must determine as a matter of law whether or not the above set forth orders and decrees justifies the respondent in withholding the custody of the child in question from its parents.

The question presented by the pleadings in this case is unlike any question that has come within our experience, and we have searched in vain for a case presenting the issue as made by the pleadings herein.

Under the laws of this state, in fact under the laws and fundamental principles of this government, the parents are recognized as the lawful custodians of their minor children and cannot be deprived thereof unless by reason of the unfitness of the parents the material welfare of the child is shown to be jeopardized.

*Habeas Corpus* is a writ of right wherein as a general rule the question involved is as to whether or not one is being deprived of his liberty without due process of law. However, in our modern jurisprudence the writ has come to be applied to other uses and among such uses the ascertainment and enforcement of the right of custody of infant children is one.

The family relationship is a sacred tenet of our system of government. Other nations have different ideals, and in some the children are considered wards of the state and the rights of parental control are nullified.

It must be understood that the case at bar does not present an issue as to the custody of a minor child as between the parents. There is no question raised herein as to the fitness of respondent as a proper custodian, but the question is squarely presented as to whether the orders and decrees, under which respondent claims the right of custody, lawfully confers upon respondent the right to the custody and control of the child.

Being cited to no parallel case and finding none by our research, we are left to determine the question presented under the accepted tenets of our governmental policy regarding the parents' rights touching their infant children, and in doing so to exercise the full rights of a constitutional court touching our jurisdiction in determining rights under a bill of right.

Under the law of this State, section 1364, Revised Statutes 1929, the father and mother stand equal. However, a court of equity has jurisdiction without aid of statute to deprive the parent of the custody of the child if the court finds, as a matter of fact, that the parent is an unfit person. [Badger v. Badger, 204 Mo. App. 252, 224 S. W. 41.]

While we have concluded that the question of who is the fit person to have the care and custody of the child in question is not before

us, still as bearing upon the issue before us, we are mindful of the fact that there are controlling decisions of our appellate court directing as to the course of our courts in awarding the custody of minor children.

The law laid down by the courts of this state is that, as between the parents, no presumption can be indulged in favor of one as against the other, yet the custody of a child of tender years will be given to the mother as against the father, all else being equal. [Abel v. Ingram, 24 S. W. (2d) 1048.]

We cite the above principle by way of emphasizing the fact that the laws of this state recognize the sacredness of motherhood, and by its general policy says that she who goes to the brink of the grave and suffers the pains of childbirth is presumed to be the best custodian during the early period of the life of her child.

The child in the present case is shown to be of tender years. Still, by the orders and decrees before us, both father and mother are deprived of custody and control.

A peculiar thing presents itself in the court's orders and decrees. herein. Under our law, in matters of divorce, the jurisdiction of the question of the custody of a minor child always remains in the trial court.

The language used in the decree to-wit: ''The custody of the minor daughter, Sheila Ann Tomlinson, will remain for the present under the jurisdiction of this court,'' gives room for an interpretation that is out of harmony with the policy of our national life. Under such an existing state of fact the court assumes the arbitrary power to place and in the interpretation of said power places the child in a college or school and orders the father to pay the expense.

Under such a state of fact the court by future orders, without petition or further hearing, can change the custody at will and order the parent to meet the expenses.

It will be noted that the court does the above by way of a final decree, such we conclude savers of a principal of state paternalism that is inconsistent with the principles of our government.

By an examination of the orders and decrees under which the child is claimed to be held it is shown that, in so far as financial ability is concerned, the father, in effect, is found to be amply able to meet expenses of care, keep and education.

Further, the decree, in effect, in that it provides for the father and mother to have custody during vacation, is that both the father and mother are fit to be custodians of their minor daughter.

Based upon the facts and premises set forth above, we conclude that the orders and decrees under which respondent has custody and control of the minor child in question ·are not sufficient in law to justify the retention of the custody of the minor child in question, for the reason that said orders and decrees show on the face of same

that same are not based upon any finding of fact as to the unfitness of the parents to have said custody and are in fact shown that the court found the parents financially and morally fit persons to have the custody of the child. Under the showing made we conclude that the orders and decrees as set forth are contrary to the fundamental principles of our government, and in degredation of a wholesome public policy.

Let it be understood that the orders and decrees herein made are not to. be considered in bar of any future action, or in denial of the jurisdiction of the circuit court to lawfully determine as to care and custody of minor children in divorce or other procedure lawfully before said court. We do, however, declare the law of the state of Missouri to be that before a court can lawfully take the custody of a child from its parents and place the child in the hands of another person or an institution to be cared for and educated at the expense of a parent, there must be made a showing of fact and a finding of fact that the parent is an unfit person to have the care and custody of the child.

Based upon our conclusions stated above, we find and adjudge that the custody of the minor child in question by the respondent herein is unlawful and due to the fact that the father by his intervening petition, in effect, renounces his right we order and decree that the Marshal of this court, in whose keeping the said minor child has been placed pending hearing, shall forthwith turn the custody of the minor child, Sheila Ann Tomlinson, to the mother of said child in whose custody it appears to have been prior to the proceeding in the Circuit Court.

### On Motion for Rehearing.

The petition for *Habeas Corpus* in this case was presented In Vacation to the Presiding Judge of this court.

While not required by law in such a case, it is permissible and we chose to file a written opinion in the case. From an examination of the written opinion we find that, by inadvertence, a copy of the orders and decrees of the circuit court, while referred to as set forth, are not so set forth.

We conclude, that while said orders and decrees are fully set forth in the respondent's answer and appear in the files herein, still the omission, from where indicated in the opinion, may have given rise to what we conceive is a misunderstanding of the reason underlying the conclusion reached.

In the opinion filed, we tried to set forth, and we feel that we have clearly done so, that we fully recognize the jurisdiction of the circuit court to, in divorce proceedings, make awards and decrees touching the custody of minor children of the marriage. Further, we in the

the opinion recognized and now recognize, that the minor children in divorce proceedings become the wards of the court to the extent that the circuit court retains jurisdiction of the question of the custody of the minor children. However, we do express in or opinion, that a circuit court in the exercise of its jurisdiction must proceed according to law.

We fully recognize that a writ of *habeas corpus* cannot usurp the powers of a writ of error or an appeal and disturb as to any finding of fact made by the court in the hearing of the case. However, we do hold that a writ of *habeas corpus* is in the nature of a writ of error in so far as it brings into review the legality of the authority by which the circuit court acts in making its award.

In the proceedings in this case all parties in interest were present in chambers, either in person or by representative. The mother and the child were under the observation of the judge. It was freely expressed and admitted by all present that the circuit court had not found the mother a morally unfit person.

When the return was made by respondent the very findings, orders and decrees of the court as set forth therein clearly showed upon the face of same, that the circuit court had found the parents of the minor child both financially and morally fit persons. Said findings, orders and decrees being in words and figures as follows:

"A decree of divorce is granted to the plaintiff on his petition, and the answer and cross bill of the defendant is by the Court dismissed. The custody of the minor daughter, Sheila Ann Tomlinson, will remain for the present under the jurisdiction of this Court, and will be placed in the college or school known as Sisters of Notre Dame de Sion, at 3823 Locust Street, Kansas City, Missouri, there to receive her board, room and clothing and for her education, both literary and religious, until the further order of this court. And, it is further ordered that all expenses incurred in said school or college for the care, control and education of this minor child herein mentioned shall be paid for by the plaintiff, D. W. Tomlinson, IV.

"It is further ordered and decreed that both the father and the mother of said minor child may be permitted to see their daughter at reasonable times and under such rules and conditions as may be satisfactory and agreeable to the Mother Superior of Notre Dame de Sion, and permission is also given to the mother and father of said minor daughter to have said minor daughter with them during vacations, and such time shall be divided equally between said father and mother.

"It is further ordered that the plaintiff shall pay to Chet D. Vance as a further and additional fee the sum of $500.00, as a full and final payment for professional services rendered on behalf of

the defendant in this cause, and the court costs herein shall be charged to the plaintiff.

"(Signed) Daniel E. Bird, Judge."

The above is clearly to the effect, that an infant, admittedly not yet of school age, is taken from parental custody and control and parental care and turned over to an educational institution with orders that it be given religious and literary education. The parents are only permitted to see the child under rules and conditions satisfactory and agreeable to the head of the institution. However, in recognition of the fitness of the parents, the father is to meet all expenses and when this child, not yet of school age, is not in school its custody is awarded to its parents, time divided equally.

Our conclusion reached in this case is based upon the fact that in exercise of jurisdiction it is not sufficient that the act be in the name of the law, but that the act must be by virtue of the authority of law and the result reached must be by due process of law.

It is a fundamental principle of our law that fit parents are the legal custodians of their minor children. Our statutes declare this right and our courts maintain the exercise of this right.

The religious education ordered by the decree in question invokes the maintenance of such right and principles of public policy demand that such right be held inviolate.

The decree of the circuit court, that is involved in this proceeding, not only does not negative the fitness of the parents, but gives evidence in its own language that the parents are found to be fit custodians of the minor child in question, in that both parents are awarded the custody of the child, that was admitted in our presence to be under school age, when not in school. Under such a condition of fact, we hold that under the finding of facts evidenced by the decree itself the award of custody to the school in question is not by virtue of the authority of law and as the result of due process of law.

As stated in the opinion, we conclude that as to the question of custody as between father and mother, we have not jurisdiction in the proceeding to determine. However, as the father by intervening petition negatived a desire for custody by himself, and as it appeared that prior to the orders of the circuit court the child had been in the custody of the mother, who at the time of this hearing was the only parent present, we deemed it our duty to order our Marshal, in whose custody the child had been placed, to restore the *status quo* by delivering the child to her.

Motion for rehearing overruled. All concur.