STATE OF MISSOURI EX·REL. ARTHUR C. WHITE AND MARY LEE WHITE, RELATORS, v. J. O. SWINK, JUDGE OF THE ST. FRANCOIS COUNTY CIRCUIT COURT; JESSE D. STEWART, CIRCUIT CLERK OF ST. FRANCOIS COUNTY, MISSOURI, RESPONDENTS.—256 SW 2d 825.

St. Louis Court of Appeals. Opinion filed April 3, 1953.

*J. B. Schnapp* for Relators.

*Raymond S. Roberts* for Respondents.

RUDDY, J.—This is an action in certiorari wherein the relators seek to quash the judgment of the Circuit Court of St. Francois County in a habeas corpus action brought by Odell Fleming McClarney and Etta Ellen McClarney, seeking the custody of Justin Lee White, who was in the actual custody of his parents. The scope of our review in this action is confined to jurisdictional matters and errors appearing on the face of the record in the habeas corpus proceeding. State ex rel. Shartel v. Skinker, 324 Mo. 955, 25 S.W. 2d 472; State ex rel. Gentry v. Westhues, 315 Mo. 672, 286 S.W. 396. We are not authorized to inquire into the merits of the habeas corpus action and can relieve only by a quashal of the record below in whole or in part, and we cannot substitute any judgment or order of our own. Hernreich v. Quinn,

350 Mo. 770, 168 S.W. 2d 1054; State ex rel. St. Louis Union Trust Co. v. Neaf, 346 Mo. 86, 139 S.W. 2d 958.

Respondents' return to our writ of certiorari shows that Odell Fleming McClarney and Etta Ellen McClarney in their petition for writ of habeas corpus alleged that Justin Lee White, seven years of age, was illegally and wrongfully restrained of his liberty by relators in this action, Arthur C. White and Mary Lee White; that said child was taken from petitioners by the said Arthur C. White and Mary Lee White, and that petitioners had the custody, care and control of said child for seven years prior to the filing of the petition; that the petition further alleged that the said Arthur C. White and Mary Lee White are the natural father and mother of said child, and that approximately seven years prior to the filing of the petition they deserted and abandoned the said child and that the said Arthur C. White and Mary Lee White wrongfully refuse to return the said minor child to the petitioners. Petitioners prayed for a writ of habeas corpus to bring up the body of said Justin Lee White to abide such order as the court may direct. A writ was served on the respondents in said habeas corpus action. The language of the writ is as follows:

"You and each of you are hereby commanded that the body of Justin Lee White, under your custody detained, as it is said, under safe and secure conduct together with the time and cause of their imprisonment and detention, by whatever name the said Justin Lee White may be known, you have before J. O. Swink, Judge of the St. Francois County Circuit Court, at the court house in Farmington, Missouri, on the 23rd day of September, 1952, at 9:30 o'clock A.M. on that date, then and there to be dealt with according to law and have you then and there this writ, and hereof fail not at your peril.

"WITNESS, J. O. Swink, Judge of the St. Francois County Circuit Court and the seal of the Court affixed hereto this 10th day of September, 1952."

A return to the writ of habeas corpus was filed by the respondents in said action and shows that respondents had the custody of said child by authority of being the natural parents of said child; that they never deserted or abandoned said child and denied that the petitioners had the care, custody and control of said child for the past seven years. The return further alleged that said child has never been declared an abandoned child and that there never had been any adoption proceeding for said child; that the petitioners have no legal right whatever to the custody and control of said child, and that the petitioners are physically unfit persons to have the care, custody and control of said child.

At the time of the filing of the return, respondents also filed their verified motion to quash the writ of habeas corpus, and gave as grounds for said motion the following:

"1. The petition upon which the Writ of Habeas Corpus issued in this case does not state a cause of action.

"2. The petition upon which the Writ of Habeas Corpus issued in this case admits that the Respondents are entitled to custody of Justin Lee White, in that the petition admits that the Respondents are the natural Father and Mother of the said Child; and further the petition does not state that there are any judgments or decrees of any court showing any desertion or abandonment of Justin Lee White. Further there is no allegation showing any adoption of Justin Lee White by the petitioners.

"Therefore, the petition itself shows that the petitioners have no legal or equitable right to the care, custody and control of Justin Lee White * * *.

"3. The petition upon which the Writ of Habeas Corpus issued in this case does not allege the [un]fitness of the natural parents, the respondents herein, nor does the petition state that the best interest and welfare of this child, Justin Lee White, requires the removal of the care, custody and control of the child from the respondents to anyone."

This motion to quash was overruled by the court on October 3, 1952, on which day the habeas corpus action was heard and submitted. On the same day the following decree was entered by the court:

"The body of Justin Lee White in the foregoing writ of habeas corpus mentioned, being brought before me at the time and place in the said writ and the return thereof being read and considered and upon the conclusion of all the evidence on behalf of the petitioners and all the evidence on behalf of the respondents and after hearing argument of counsel, the Court being fully advised and satisfied in the premises makes the writ of habeas corpus heretofore issued final and further finds that Justin Lee White has been neglected by his parents, the respondents in said writ, for more than two years by reason of his parents, the respondents, failure to provide support of any nature for him and further finds that the said Justin Lee White has been abandoned by his parents, the respondents herein, and therefore orders the said Justin Lee White delivered to and his custody placed with Odell Fleming McClarney and Etta Ellen McClarney, petitioners, and assesses the costs against the respondents.

"It is further ordered and decreed that the sheriff of St. Francois County, Missouri, deliver said Justin Lee White to the petitioners, Odell Fleming McClarney and Etta Ellen McClarney.

/s/ J. O. Swink
_____
Judge of the Circuit Court
St. Francois County, Missouri."

On October 6, 1952, petitioners filed an answer, which they denominated a reply, verified by the attorney for petitioners, to the

return of respondents. In this answer, among other allegations, petitioners admitted that the said child had never been declared an abandoned child and admitted that there had never been any adoption proceedings for said child. Petitioners further admitted that respondents had the custody of the said child, but denied each and every other allegation in the return of respondents.

On October 13, 1952, respondents filed their motion for rehearing and joined with it a motion to quash the writ of habeas corpus. The pertinent allegations in this motion charge that the habeas corpus action was tried on the 3rd day of October, 1952, without an answer having been filed to the respondents' return; that an objection was made to the introduction of any testimony which was overruled by the court, and that because the issues were never joined the court did not have jurisdiction to try the case; that in the absence of an answer the return of the respondents must be taken as true and that the answer to the return filed on October 6, 1952, was untimely and was not verified by either of the petitioners or the attorney of record for the petitioners, and that it was error for the court to grant the custody of this child to the petitioners for the reason that the natural parents were entitled to the custody of said child. This motion for rehearing and to quash the writ of habeas corpus was overruled by the court on November 7, 1952, at which time the court granted petitioners fifteen days "to supply amended reply (answer) to return." (Parentheses ours.) The amended answer to the return was filed by petitioners on November 15, 1952, and was verified by the attorney for said petitioners. Said amended answer was identical in substance with the previous answer filed, except that it, by reference, reasserted and alleged all of the grounds set forth in the petition for the writ of habeas corpus. Relators in the certiorari action before us have filed their motion for judgment on the pleadings.

Relators contend that respondent J. O. Swink, Judge of the Circuit Court, had no jurisdiction to issue the writ of habeas corpus because the original petition for said writ did not state a cause of action, and further contend that the allegations of their return were not denied by the petitioners in the habeas corpus action and that by reason thereof the court had no jurisdiction to enter its decree, pointing out that no answer was filed to the return until after the court entered its decree. It has been held many times that the return to the writ in a habeas corpus proceeding is the first and principal pleading. The issues in such a proceeding are made up by the return to the writ and petitioner's answer to said return. The facts set out in the return are to be taken as the ultimate facts in the case, unless such facts are denied or their effect avoided by some appropriate pleading. Thompson v. Sanders, 334 Mo. 1100, 70 S.W. 2d 1051; State ex rel. Shartel v. Skinker, supra. We will not concern ourselves with the untimely filing of the answer because of the conclusions we have reached in this

opinion. The answer when filed admitted sufficient facts set out in the return, to have prevented the court from taking the custody away from the natural parents. It will be observed that petitioners in the habeas corpus proceeding admit that respondents are the natural parents of the child and that the child had never been adopted or declared abandoned by any court. Whether or not the answer is to be considered, the aforesaid facts stand conceded and are to be taken as the ultimate facts in the proceeding. It cannot be seriously questioned that the law recognizes the natural parents as the lawful custodians of their children and gives to them the primary right to the custody of their children and they cannot be deprived of this privilege, except in a proceeding properly brought, wherein their unfitness is shown to jeopardize the welfare of the child. Williams v. Williams, 240 Mo. App. 336, 205 S.W. 2d 949; Tomlinson v. French Institute of Notre Dame De Sion, 232 Mo. App. 597, 109 S.W. 2d 73. We held in Ex Parte De Castro, 238 Mo. App. 1011, l.c. 1028, 190 S.W. 2d 949, l.c. 959, that:

"* * * under our law a parent has a natural right to the custody of his minor child, a right which public policy demands shall be held inviolate, and which, in a contest between the parent and some third person, is not to be denied the parent unless it is made manifest to the court that the parent, for some strong and cogent reason, is unfit or incompetent to have his child, so that the welfare of the child itself demands a different disposition."

The right of the parents to the custody of their minor children is not an absolute right that will be granted to them under any and all circumstances, as will be observed from the above mentioned authorities. It may be denied if there is a showing that the parents are unfit for the trust. However, there is nothing in this statement of the law that would authorize one who has no legal right to the custody of a minor child to bring an action in habeas corpus for custody. The one bringing the action must either be entitled to the custody of the child or have been duly authorized in some manner by the child detained to bring the action. The petitioner must stand in the position of parent, guardian, or some one entitled to custody by reason of some court order or judgment. If he does not occupy the position of one of the aforesaid parties he has no right to bring the action.

In Bailey on Habeas Corpus, Section 148, is found the following statement:

"The party applying for the writ must affirmatively show that he is entitled to the custody of the child, whether it be a parent, individual, or a corporation organized for charitable purposes."

Again, in In Re: Stuart et al., 138 Wash. 59, 244 P. 116, l.c. 117, it was said:

"In all cases and texts that have been cited and that we have examined, it is uniformly held that a writ of habeas corpus will only be granted, in the case of an infant, where the applicant shows a prima facie legal right to the custody of the infant."

This case further held that the grandparents of a child have no natural or inherent right to the custody of the child.

Further support for this position may be found in the case of Ex parte Reinhardt, 88 Mont. 282, 292 P. 582, l.c. 584, wherein the court said:

"* * * * the rule is that one who has or claims no legal right to the custody of a minor may not be heard to say in a proceeding in habeas corpus that the parents are not fit and proper persons to have the custody."

We are of the opinion that petitioners in the habeas corpus action had no more right to sue out the writ than did any other person in this state. They were in no way entitled to the custody of the child and, having no right to the custody or control of this child, the petition for the writ of habeas corpus should have been dismissed. In re: Poole, 9 D.C. 583. We are referred to no authority to the contrary by respondents herein. No doubt, the petitioners were moved by honorable motives in the bringing of the habeas corpus action, for which they should be commended, but the record in this case shows no legal right in them to the custody of said child.

At the time of the oral arguments in this proceeding, counsel for respondents pointed out that the court in its decree found that the child had been neglected by his parents for more than two years and had been abandoned by them and that by reason of these findings the court had the jurisdiction to award the custody of said child to any proper person, including the respondents herein. An examination of the petition for habeas corpus discloses that the only issue raised by that pleading is that of illegal and wrongful restraint. Said petition merely permitted an inquiry into the alleged unlawful restraint and it was beyond the jurisdiction of the court to convert the action into a neglect proceeding. To bring respondents in the habeas corpus proceeding into court, by way of a writ commanding them to give the cause of the alleged imprisonment and detention by them of Justin Lee White, and then to confront respondents with a charge and finding of child neglect and abandonment, can find no support in the law. The trial court seems to have superimposed on the habeas corpus action the statutory provisions for the protection of a neglected child. The two proceedings are basically different. In a neglect proceeding the statutes applicable to the parties, Sections 211.360 and 211.370, R.S. Mo. 1949, V.A.M.S., provide a method whereby any reputable person, a resident of the county, shall file a complaint with the prosecuting attorney, stating that a named child appears to be neglected. It then becomes the duty of the prosecuting attorney to file

with the clerk of the juvenile court a petition in writing, setting forth the facts constituting the neglect, verified by his affidavit. The statutes impose upon the prosecuting attorney the duty of investigating all the facts and presenting the evidence disclosed by his investigation to the Juvenile Court. When the petition is filed by the prosecuting attorney, unless the parties voluntarily appear or be in court, a summons shall issue *in the name of the State of Missouri* requiring the child and the person having custody and control of the child, to appear with the child at the place and at the time set in the summons, which shall not be less than twenty four hours after service, unless otherwise directed by the court or judge. The statute requires the parents of the child to be notified of the proceedings if the child is not in their custody and possession at the time of the service of the summons. The statutes also prescribe the manner in which the hearing is to be held. It will be seen that the proceeding is not one between individuals contesting the right of custody, but one by the State of Missouri against the parents or person having custody of the child charging neglect and brought by the prosecuting attorney. It is true that the court, after a finding of neglect, may commit the child to some reputable person of good moral character, or to the care of some association authorized to receive the child. However, this only follows a charge of neglect and a hearing pursuant to the method set out in the statutes. This charge and hearing are prerequisites which cannot be avoided. The parents of this child were entitled to have all of the requirements of the statute complied with in order that they could prepare to meet the complaint. Ex Parte Parsons, Mo. App., 232 S.W. 740. It is obvious that this habeas corpus proceeding possessed none of the requisites of a statutory neglect proceeding. For a sufficient information to support a judgment of neglect see State v. Robertson, et al., Mo. App., 13 S.W. 2d 566.

The Juvenile Court Act, Title 12, Chapter 211, R.S. Mo. 1949, V.A.M.S., is a complete law within itself dealing with minors under the age of seventeen years. State ex rel. Shartel v. Trimble, et al., 333 Mo. 888, 63 S.W. 2d 37, l.c. 38. It will be seen from the statutory provisions cited that jurisdiction is conferred on the court only after the filing of a complaint with and a petition by the prosecuting attorney. State ex rel. Coffield v. Buckner, 198 Mo. App. 230, 200 S.W. 94, l.c. 95.

In Sanchez v. Garcia, Texas Civ. App., 278 S.W. 868, which was a case somewhat similar to the one before us, it was held that in an ordinary habeas corpus proceeding to determine as between individual claimants the proper custody of a minor child, the county attorney is without authority to file a pleading against plaintiff and to participate throughout the hearing as the proponent of his own pleading, as in the statutory proceeding for the disposition of neglected children

in which it is the duty of the county attorney to appear and conduct the proceedings in behalf of the petitioner.

It is our opinion that the court did not have jurisdiction in the habeas corpus action to find that the parents of Justin Lee White had neglected and abandoned said child. The court having no jurisdiction to make such findings and the petitioners in the habeas corpus proceeding having no legal right to bring the action for the custody of the child, it follows, therefore, that the court had no jurisdiction to enter the decree awarding custody to the petitioners. Not only did the court have no jurisdiction to enter the decree, but we are of the opinion the court had no jurisdiction to issue the original writ of habeas corpus that brought Arthur C. White and Mary Lee White into court, for the reason that the petition for writ of habeas corpus does not state a cause of action and, therefore, the motion to quash filed by respondents in the habeas corpus action, relators herein, should have been sustained. A respondent to whom a writ of habeas corpus is addressed can attack the petition if he desires by a motion to quash the writ. State ex rel. Chase v. Calvird, 324 Mo. 429, 24 S.W. 2d 111, l.c. 114. The authorities hold that a petition for a writ of habeas corpus must on its face show *probable cause* for the issuance of the writ and when the petition fails to show grounds for the release of the infant, the court will not and should not issue the writ. The issuance of the writ is not a mere perfunctory operation. While it is a writ of right, it is not a writ of course. It can only properly issue to one entitled to it. State ex rel. Stack v. Grimm, 239 Mo. 340, 143 S.W. 450. The burden is on the petitioner to show that he is entitled to the writ and will be denied where the allegations are insufficient. 39 C.J.S. p. 636. A petition in habeas corpus for the custody of a minor child which fails to show a right to such custody is insufficient. 39 C.J.S. p. 628, 629. The petition in the habeas corpus action under review showed the custody in the natural parents of said child and failed to show any right to custody in the petitioners. Not having any right to the custody of said child, petitioners were not entitled to the issuance of the writ. As said in State ex rel. Stack v. Grimm, 239 Mo. 340, l.c. 357, 143 S.W. 450, l.c. 454: "Were this otherwise, the writ would descend from its high plane, and its issuance become a mere ministerial act which could be performed by the clerk of the court as well as by the judge." We rule the court should have sustained the motion to quash.

It follows from what we have said that the proceedings and judgment of the Circuit Court should be quashed and the child remanded to the custody of his parents. It is so ordered. *Bennick, P. J.,* and *Anderson, J.,* concur.