261 S.W.2d 508 (1953)
TRIPP et al.
v.
BRAWLEY et al.
No. 7254.
Springfield Court of Appeals. Missouri.
October 5, 1953.
*509 Donald V. McKee, St. Louis, for petitioner.
C. M. Buford, Ellington, Elmer E. Walter, St. Louis, for respondents.
McDOWELL, Judge.
This is an original proceeding in habeas corpus instituted by Anna Omega Coke to obtain custody of her minor child, Donna Sue Tripp.
The pertinent facts are undisputed. Petitioner was married to James Tripp in April, 1950. Donna Sue Tripp was born to this marriage, at the home of respondents, March 5, 1951. After the birth of this child, James Tripp was sent to the penitentiary. In June, 1951, petitioner left said minor child with her parents and went to St. Louis to seek work. The evidence shows that she worked at a number of different places, a part of the time in factory work and a part of the time in keeping children for others.
In April, 1953, she was married to Dewey Coke and she and her husband are living in Chesterfield, in St. Louis County. They are employed in caring for a chicken ranch at a salary of $45 per week with furnished apartment.
The testimony is that petitioner and petitioner's husband visited respondents and said minor child almost weekly during the time the child was in the custody of respondents; petitioner testified that she contributed $5 a month for the support of the child. This testimony was denied by respondents. Respondents contend that petitioner gave them the child when it was about three weeks old, as a Christmas present. They stated this gift was made sometime in April, 1951, and that petitioner promised never to take the child from them.
We think there is no controversy as to the ability and fitness of respondents to have custody of said child, under the testimony. We think the testimony shows, also, that the petitioner, the mother of the minor child in question, at the time the child was left with her parents, was not in a position financially to care for said child.
The evidence shows that petitioner was granted a divorce from James Tripp, July 12, 1952, in the Circuit Court of the city of St. Louis and in the decree, petitioner *510 was awarded the care, control and custody of Donna Sue Tripp.
Respondents attempted to, and did show, by evidence, that petitioner lived with Dewey Coke, as his wife, prior to their marriage and prior to the decree of divorce. They offered evidence that petitioner had given birth to twins, prematurely, which fact was denied by petitioner. They testified that petitioner came to their home, in company with Coke, and slept with him before the marriage and that she lived with him as his wife while in St. Louis before the marriage.
The evidence is undisputed that petitioner's mother, one of the respondents herein, came to petitioner's home and took the minor child away from petitioner and back to her home in Reynolds County. The testimony also shows that petitioner's mother knew and advised petitioner to get a divorce from James Tripp and to get custody of the child.
The evidence is undisputed that petitioner and her husband, in May, 1953, went to the home of respondents and represented to them that they were taking a vacation and going down to Hayti in New Madrid County, and asked respondents to allow them to take the child with them, which respondents did; that instead of going to Hayti, petitioners took the child to their home in St. Louis County and undertook to keep it.
The testimony is undisputed that petitioner's father, respondent herein, together with his son and a driver of an automobile, went to the home of petitioner in St. Louis County; that it was dark when they arrived and the father and one of the sons knocked on the door and were permitted to enter the house; that the respondent asked permission to love the baby and hold it in his arms and, when permitted to do so, took the child and fled from the house and put it in the waiting automobile; that both petitioner and her husband attempted to prevent the taking of the child and that petitioner was forceably thrown from the automobile and the child taken back to Centerville, in Reynolds County. The evidence shows that a warrant was sworn out for the arrest of respondent for kidnaping in St. Louis County and this action is now pending. It is also admitted that respondents have filed an action to adopt said minor in Reynolds County, which action is now pending.
The law is well settled that a minor child of divorced parents becomes the ward of the court which grants the decree. Where the court awards the custody of a child in a divorce decree it retains jurisdiction and has continued exclusive jurisdiction until the minor reaches majority. Bell v. Catholic Charities of St. Louis, Mo.App., 170 S.W.2d 697, 700, and cases cited therein; Garvey v. Garvey, Mo. App., 233 S.W.2d, 48, 50.
We hold that the Circuit Court of the city of St. Louis, which granted the divorce to petitioner from James Tripp and awarded custody of the minor child, the subject of this action, retains jurisdiction and has continued exclusive jurisdiction of such custody until the minor child reaches majority. In re Morgan, 117 Mo. 249, 21 S.W. 1122, 22 S.W. 913; Bell v. Catholic Charities, supra; Thornton v. Thornton, 221 Mo.App. 1199, 2 S.W.2d 821.
Therefore, petitioner, at the time of the filing of this action, was legally entitled to the custody of the minor child in question. If the grandparents, the respondents herein, desired custody of the child because of the unfitness of the mother or petitioner herein, they had the legal right to file a motion to modify the decree rendered by the Circuit Court of the city of St. Louis and that court had exclusive jurisdiction to hear said motion.
Certainly, the evidence offered in the case at bar, as to the moral fitness of the petitioner, to have the care and custody of the minor child of two and one-half years of age, was a question decided by the Circuit Court when it awarded the custody to petitioner. It is not the province of this court to change the judgment of the Circuit Court and it will not do so by writ of habeas corpus.
*511 The only inference that could be drawn from the judgment of the Circuit Court in awarding the child to petitioner is that she was a fit person morally and otherwise to have the care of such child. Bell v. Catholic Charities, supra.
While the rule of law is that the welfare of the child itself will be the first consideration of the court in passing upon the custody of the child and that the question of the child's own welfare is superior to the claim of either parent, yet where the Circuit Court, in a divorce decree, awards custody of a child, these questions must be passed upon and were passed upon in the case at bar and this court will not interfere with the judgment of the Circuit Court.
The respondents contend in this case that they are entitled to the custody of the child because of an agreement entered into with the mother that she would give it to them as a Christmas gift. The law is settled in Missouri that the petitioner, the mother of said child, is not bound by contract to give her child away. Children are not subject to barter or contract.
The serious question in this case is not who is entitled to custody of the child. That question has been settled by the Circuit Court of the city of St. Louis. The question as to whether or not habeas corpus is the proper remedy to obtain custody of this child is the only issue.
Certainly, this court would not, on habeas corpus, modify or change an order of the Circuit Court. The question as to the custody of this child cannot be adjudged by writ of habeas corpus. The determination of such custody must be remitted to the court in which the divorce was tried. The rule is different when the divorce court has not assumed jurisdiction over the child. In such instance the appellate court may inquire into the merits and the best interest of the child on habeas corpus.
Under the evidence in this case this court finds that the minor child in question is illegally held and restrained of its liberty by respondents and we find that it is our duty to free said child from such restraint. Therefore, it is the order and judgment of this court that the custody of the minor child be returned to the petitioner and to tax the costs of this proceeding to the respondents.
VANDEVENTER, P. J., and BLAIR, J., concur.