In the Matter of Brenda Lou WAKEFIELD.

**Frank WAKEFIELD, Petitioner,**

**v.**

**Clarence THORP and Agnes Thorp, Respondents.**

No. 29093.

St. Louis Court of Appeals.

Missouri.

Jan. 11, 1955.

Motion for Rehearing or to Transfer to Supreme Court Denied Jan. 31, 1955.

Fred A. Gossom, St. Louis, for petitioner.

Andrew H. McColloch, St. Charles, for respondents.

PER CURIAM.

This is a proceeding in habeas corpus which was instituted in this court by one Frank Wakefield, the natural father, to obtain the possession of his minor child, Brenda Lou Wakefield, who is now in the possession of respondents, Clarence Thorp and Agnes Thorp, his wife. The latter, incidentally, is petitioner's half-sister.

Petitioner resides in St. Louis County, and respondents in St. Charles County.

It appears from the facts which counsel have brought to our attention that petitioner and the child's mother, Mary Lou Wakefield, were married on October 1, 1949, when he was nineteen and she but fifteen years of age. Brenda Lou was born on December 31, 1950, which means that she is now barely four years of age.

On October 15, 1951, Mary Lou brought an action in the Circuit Court of St. Louis County for a divorce from petitioner, who thereupon filed a cross bill in which he asked for a decree of divorce in his favor. We are told that Mary Lou did not seek custody of the child, but that petitioner did; and at any rate the court, on February 8, 1952, dismissed Mary Lou's petition and sustained petitioner's cross bill, not only granting him a divorce, but also awarding him the custody of Brenda Lou, with the mother to have the right of visitation at all reasonable times.

Upon the entry of such decree, petitioner immediately placed Brenda Lou in the care of respondents, where she has remained until the present time. Petitioner insists that such transfer of Brenda Lou to respondents was only intended to be temporary and until such time as he was able to make suitable arrangements for her care. He has since remarried, and asserts that he has established a home in St. Louis County where she could have adequate care and parental affection.

The basis of petitioner's claim in this habeas corpus proceeding is that Brenda Lou is being unlawfully withheld and detained by respondents, and that he is entitled to her possession by virtue of the decree in the divorce action awarding her custody to him.

In their amended return respondents contend that even though the divorce decree does not so show, the fact nevertheless is that petitioner was only awarded custody upon the condition, and with the understanding, that he would place Brenda Lou in their care and control. In other words, they predicate their right to the possession of the child upon an alleged verbal order of the judge in the divorce action, which was admittedly not incorporated in the decree, but by which it is alleged that both petitioner and the mother agreed to abide.

For further return respondents set up that petitioner is not a fit and suitable person to have the child, and that her best interest and welfare will be served by permitting her to remain in their possession, at least until the determination of a motion to modify which is now pending in a divorce action in the Circuit Court of St. Louis County. Such motion was filed by the mother, who has also remarried and is now Mary Lou Perkins, and prays that the decree be modified so as to vest custody, not in herself, but in respondents, who have undertaken to join with her as proponents of the motion.

So far as the pleadings are concerned, petitioner filed a motion to strike out certain matters contained in the original return, but abandoned such motion when respondents filed an amended return. The case was thereafter submitted by petitioner upon an amended motion for judgment on the pleadings, and by respondents upon a motion to quash the writ and remand Brenda Lou to them.

■ ■ The latter motion is predicated upon the assumption that inasmuch as petitioner filed no verified answer to or·denial of their amended return, there is no question before us challenging the legality of Brenda Lou's detention.

Such result would of course follow if the material facts set up in the return disclosed a lawful restraint, and there was no answer or denial under oath. Section 532.-320 RSMo 1949, V.A.M.S.; Gugenhine v. Gerk, 326 Mo. 333, 31 S.W.2d 1; Ex parte Davis, 333 Mo. 262, 62 S.W.2d 1086, 89 A.L.R. 589; State ex rel. White v. Swink, Mo.App., 256 S.W.2d 825. In this case, however, petitioner does not dispute the facts set up in the return in so far as they relate to the authority by which respondents purport to hold his child, and consequently there was no occasion or place for an answer or denial in any form. On the contrary, he admits the truth of the material facts alleged, and only desires to raise the question of whether such facts serve to justify the child's restraint as a matter of law. Ex parte Thornberry, 300 Mo. 661, 254 S.W. 1087; In re Breck, 252 Mo. 302, 158 S.W. 843. In this situation the issue presented is purely one of law for the raising of which a motion for judgment on the pleadings is the proper and appropriate remedy.

■ Turning to the facts stated in the amended return, respondents show no right to withhold possession of the child by setting up as their pretended authority an alleged verbal order or direction of the judge in the divorce action conditioning his award of custody upon the promise that petitioner would place the child in their care and control. It is axiomatic that a court of record can only speak by and through its records. Odom v. Langston, 358 Mo. 241, 213 S.W.2d 948; State ex rel. Robertson v. Sevier, 345 Mo. 274, 132 S.W.2d 961; State ex rel. Gentry v. Westhues, 315 Mo. 672, 286 S.W. 396; Cunio v. Franklin County, 315 Mo. 405, 285 S.W. 1007. The decree in the divorce action concededly contained no such condition or qualification upon petitioner's right of custody; and any order or direction of the judge with respect to the subject matter of the decree, but not incorporated in it, has no legal force or effect, as counsel for respondents impliedly concedes.

■ ■ Neither may we in this proceeding review the propriety of the divorce court's award of custody, nor may we change or alter such award. Not only did the divorce court have jurisdiction to award custody as it did, but its jurisdiction in such limited respect also continues during Brenda Lou's minority, provided the divorce action does not meanwhile abate. Hayes v. Hayes, 363 Mo. 583, 252 S.W.2d 323; Schumm v. Schumm, Mo.App., 223 S.W.2d 122. Any modification of the decree can only be made on proper application in the circuit court where the divorce action is pending, and is beyond the scope of our power on habeas corpus. In re Morgan, 117 Mo. 249, 21 S.W. 1122, 22 S.W. 913; Bell v. Catholic Charities, Mo.App., 170 S.W.2d 697; Tripp v. Brawley, Mo.App., 261 S.W.2d 508; In re Kohl, 82 Mo.App. 442.

■ The only question remaining is whether respondents may justify their detention of the child upon the charge made in their return that a petitioner is not a fit and suitable person to be entrusted with her custody.

Respondents call attention to the repeated declarations of the courts that in custody proceedings the welfare of the child is always the primary consideration, with the consequence that the matter of a parent's fitness to have custody is inherently a proper subject of inquiry whether raised by the pleadings or not. Suffice it to say that such question does not arise in this proceeding as one of first impression, but has already been decided by the divorce court which, in awarding custody to petitioner, necessarily held that he was a 'fit and proper person to exercise the right which was being conferred upon him.

Tripp v. Brawley, supra. The divorce court's decision upon that feature of the case is therefore conclusive so far as the enforcement of its decree is concerned, and if it was to be questioned by any aggrieved party, the only remedy would have been by appeal.

Inasmuch as respondents have shown no legal right to Brenda Lou's possession, it follows on the admitted facts that she should be taken out of their possession and delivered over to petitioner in accordance with the prayer of his petition.

It is so ordered.