In the Matter of Samantha Ray Ann McGLAUGHLIN and Irene Michelle Embury, Minors.

J.D. STILLEY, Kay Sue Stilley, Jo A. Gallagher and Robert Gallagher, Appellants

v.

Kenneth EMBURY, Respondent

No. 19025.

Missouri Court of Appeals, Southern District, Division Two.

Oct. 12, 1994.

Tyce S. Smith, Sr., Smith, Hutcheson & Dunbar, Waynesville, for appellants.

John Alpers, Jr., Cabool, for respondent.

PARRISH, Judge.

This is an appeal of the dismissal of petitions for guardianship filed in the Probate Division of the Circuit Court of Texas County, Missouri (the trial court). The petitions alleged that the parents of the children for whom guardianships were sought were "unfit and unable to act as parents and guardians." The trial court dismissed the petitions because the children's parents had a pending dissolution of marriage case in the Circuit Court of Howell County, Missouri (the dissolution court), and child custody was an issue in the dissolution action. This court affirms.

Robert J. Gallagher and Jo A. Gallagher, husband and wife, filed a petition asking to be appointed co-guardians of Irene Michelle Embury (Irene), born October 3, 1991. J.D. Stilley and Kay Sue Stilley, husband and wife, filed a petition asking to be appointed co-guardians of Irene's sister, Samantha Ray Ann McGlaughlin (Samantha), born December 6, 1989.

Mrs. Gallagher's written consent for appointment as Irene's guardian states she is Irene's maternal grandmother. Mr. and Mrs. Stilley's consents state they are Samantha's great uncle and great aunt. The children's mother, Rebecca Embury, filed waivers of her right to be appointed guardian for the children and consents for the respective petitioners to be appointed guardians. The petitions were filed in a single proceeding directed to both children.

Stipulations of facts were filed in the trial court.[1] The stipulations acknowledge that Rebecca Embury and Kenneth Embury have an action for dissolution of marriage pending in the Circuit Court of Howell County, Missouri. They state that Rebecca Embury is the children's mother; that pleadings of both parties in the dissolution action aver that Kenneth Embury is the children's father.[2] The stipulations are signed by the attorney for the respective petitioners, by the attorney for Kenneth Embury and by an attorney for the children.

The docket entry dismissing the petitions states, "The Court finds it lacks subject matter jurisdiction of the issues herein and Petition is dismissed at Petitioner's [sic] cost."

Appellants raise one point on appeal. They contend the trial court erred in dismissing the petitions for guardianship "as it had jurisdiction under the probate code to decide all ... issues" notwithstanding custody statutes that are part of the dissolution of marriage act.

■ The subject matter of the guardianship proceeding was custody of Irene and Samantha. Section 472.020[3] provides that the probate division of the circuit court may hear and determine requests for appointment of guardians for minors. "A 'guardian' is one appointed by a court to have the care and custody of the person of a minor or of an incapacitated person." § 475.010(5).

Custody of Irene and Samantha was also one of the matters for determination by the dissolution court. *See* § 452.375.2, RSMo Supp.1993. In 1988 the general assembly specified alternatives that a dissolution court must consider in deciding child custody issues. One alternative is third party custody.

Section 452.375.4, RSMo Supp.1993, states:

Prior to awarding the appropriate custody arrangement in the best interest of the child, the court shall consider each of the following as follows:

(1) Joint custody to both parents, which shall not be denied solely for the reason that one parent opposes a joint custody award;

(2) Sole custody to either parent; or

*(3) Third party custody* or visitation:

*(a) When the court finds that each parent is unfit, unsuitable, or unable to be a custodian, or the welfare of the child requires, and it is in the best interests of the child, then custody,* temporary custody or visitation *may be awarded to any other person or persons deemed by the court to be suitable and able to provide an adequate and stable environment for the child. Before the court awards custody,* temporary custody or visitation *to a third person under this subdivision, the court shall make that person a party to the action;*

*(b) Under the provisions of this subsection, any person may petition the court to intervene as a party in interest at any time as provided by supreme court rule.* [Emphasis added.]

■ A court has "subject matter jurisdiction" if it has authority to adjudge the type of issue presented in the case that is before it. *In re Marriage of Panich,* 672 S.W.2d 718, 720 (Mo.App.1984); *Corning Truck & Radiator Service v. J.W.M., Inc.,* 542 S.W.2d 520, 527 (Mo.App.1976). The trial court and the dissolution court had authority to determine the type of issue with respect to Irene and Samantha that was before each court. In that respect, each court had "subject matter jurisdiction." Each court had authority to consider third party custody—placement of the children in the care of persons other

---

**1.** Appellants filed a motion to strike portions of facts stated in respondent's brief. The motion avers that the facts set out in the brief include matters not contained in the stipulations that were before the trial court. The facts to which the motion is directed are allegations relating to events surrounding placement of the children, by their mother, in the homes of the petitioners and allegations relating to the status of the pending dissolution of marriage action. That motion was taken with the case. It is granted. The parts of

the statement of facts in respondent's brief to which appellants object are stricken.

**2.** The stipulation that is directed to the request for guardianship of Samantha states that she was born during her mother's marriage to Joe McGlaughlin.

**3.** References to statutes are to RSMo 1986 unless otherwise stated.

than their parents. The question thus becomes whether the trial court erred, based on the facts that were before it, in dismissing the petitions.

■ "When two acts apply to one subject, the rule is to give effect to both if possible, but if any of their provisions are repugnant the later act, even without any repealing clause, operates to the extent of the repugnancy to repeal the first." *In re Estate of Patterson,* 652 S.W.2d 252, 255 (Mo.App. 1983). In view of the later date of enactment of § 452.375.4, RSMo Supp.1993, one might argue that when a dissolution of marriage action is pending that involves custody of children, its provisions are repugnant to provisions of § 475.030.4 that permit granting letters of guardianship of minors, and, therefore, the custody of children whose parents are parties to an action for dissolution of marriage must be determined by the dissolution court. This court, however, finds it unnecessary to address that issue. This court holds that the decision of whether to issue letters of guardianship was, under these facts, within the discretion of the trial court.

Section 475.030.4 provides that, under the circumstances therein provided, the probate division of a circuit court *may* grant letters of guardianship of the person of a minor. The trial court in this case considered the pendency of the dissolution of marriage action between the children's parents and determined not to consider appellants' requests for letters of guardianship of the persons of the children. Its decision was consistent with there being two legislative acts applying to one subject—child custody.

This court finds no abuse of discretion by the trial court. By the terms of § 452.375.4(3)(b), RSMo Supp.1993, if the parties to this appeal choose, they may petition to intervene in the dissolution action to seek custody of the children. The order of the trial court dismissing the petitions for guardianship is affirmed.

GARRISON, P.J., and PREWITT, J., concur.