Gary L. McCOY, Sr., and Daylene Bartell, Appellants/Cross–Respondents,

v.

Rhonda L. RIVERA, Respondent/Cross–Appellant.

No. WD 50747.

Missouri Court of Appeals, Western District.

May 7, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 2, 1996.

Application to Transfer Denied Aug. 20, 1996.

J. Michael Murphy, David Bruce Sexton, Liberty, for Appellants.

John R. Shank, Jr., James Kessinger, Kansas City, for respondent.

Before SPINDEN, P.J., and BRECKENRIDGE and EDWIN H. SMITH, JJ.

SPINDEN, Presiding Judge.

In December 1994, the circuit court ordered Gary McCoy and his wife, Daylene Bartell, to return McCoy's granddaughter to her mother, Rhonda Rivera. Rivera placed the child in McCoy's and Bartell's custody in 1988 before she began serving a prison sentence in Florida. The circuit court ordered that the transfer of custody occur by August 1999. Both parties appeal. We reverse and remand.

After pleading guilty to trafficking cocaine in 1988 in a Florida criminal court, Rivera placed her infant daughter, born on January 7, 1988, in the temporary care of McCoy and his live-in girlfriend, Bartell.[1] Rivera consented to McCoy's and Bartell's acting as guardians of the child while Rivera was in prison, but no one initiated formal guardianship proceedings. McCoy and Bartell anticipated that the child would stay with them for approximately a year while Rivera served her sentence. In January 1989, a Florida court ordered her to serve concurrently a five-year sentence for grand theft, two five-year sentences for delivery of cocaine and two five-year sentences for cocaine possession. In April 1990, the court sentenced her to 12 years in prison for trafficking cocaine but later resentenced her to five years and released her on parole on July 7, 1992. The child continued to reside with McCoy and Bartell.

On July 24, 1992, McCoy and Bartell filed a petition in circuit court seeking custody of the child. Rivera filed an answer and counter-motion for custody and a motion to dismiss on the grounds that the circuit court

---

1. McCoy and Bartell were married in 1992. We do not know who the child's father is.

lacked jurisdiction, McCoy and Bartell lacked standing, their petition failed to state a claim upon which relief could be granted, and they failed to join a necessary party. The circuit court overruled the motion to dismiss. McCoy and Bartell filed an amended petition alleging that Rivera was unfit and unsuitable to have custody and that the child's best interests would be served by awarding them custody. ·

The circuit court convened a hearing in December 1992. In January 1993, it awarded temporary custody to McCoy and Bartell and gave Rivera visitation privileges. It found that Rivera was "either unsuitable or unable to have temporary custody of the child." On December 30, 1994, the circuit court entered a final judgment finding that the child should be reunited with Rivera. It decided, however, to delay the transfer. Finding that an immediate transfer would cause the child irreparable harm, the court ordered that the child's best interests would be served by waiting until August 1999 to make the transfer. In the interim, the court ordered McCoy and Bartell to give Rivera increased visitation. It did not award child support but awarded Rivera $4000 in partial attorney fees. Both parties appeal.

Rivera argues that the circuit court lacked jurisdiction. We agree. Because this is dispositive of all issues raised on appeal, it is the only one we address.

■■■ A litigant asserting that a court has jurisdiction bears the burden of establishing a *prima facie* basis for jurisdiction. *State ex rel. Laws v. Higgins*, 734 S.W.2d 274, 277 (Mo.App.1987). "A court has subject matter jurisdiction if it has authority to adjudge the type of issue presented in the case that is before it." *In Re McGlaughlin*, 885 S.W.2d 33, 34 (Mo.App.1994).

■■ Child custody may be adjudicated in at least four types of actions: dissolution, *habeas corpus*, juvenile, and guardianship. *State ex rel. Dubinsky v. Weinstein*, 413 S.W.2d 178, 180 (Mo. Banc 1967). McCoy and Bartell did not allege in their petition that the circuit court had jurisdiction to determine custody; nor did the circuit court make any findings explaining the basis for its

jurisdiction. McCoy and Bartell concede that this case does not fall within the jurisdictional provisions of the juvenile court because they did not claim that the child was neglected and no juvenile officer filed a petition concerning the child. They concede that they had no standing to bring this action pursuant to the dissolution of marriage statutes because no marriage was at issue. They also assert that they are not seeking to adopt the child or be appointed as the child's legal guardians. We fail to discern any basis for the circuit court's jurisdiction.

■■ In their suggestions in opposition to Rivera's motion to dismiss, McCoy and Bartell asserted that the circuit court had subject matter jurisdiction to determine this custody matter pursuant to §§ 452.440–452.550, RSMo 1994(the Uniform Child Custody Jurisdiction Act), because Missouri was the child's "home state" to which they had "significant connections." McCoy and Bartell confuse "subject matter" jurisdiction with "forum" jurisdiction. Section 452.450 provides that a Missouri court competent to decide child custody matters has jurisdiction to make a child custody determination of an initial decree or modification of a decree. *State ex rel. Rashid v. Drumm*, 824 S.W.2d 497, 501 (Mo.App.1992). This, however, is a procedural statute only. It does not create any new substantive rights for any party. It merely dictates the forum where custody actions must be heard. *Id.* Even if § 452.450 could be applied to determine forum jurisdiction—*i.e.*, whether Missouri or Florida was the child's "home state"—McCoy and Bartell would still be obligated to establish the basis for the circuit court's asserting subject matter jurisdiction over a custody proceeding.

McCoy and Bartell also argue that the circuit court had jurisdiction because the circuit court had original and general jurisdiction over all civil and criminal matters pursuant to Article V, § 14(a), of the Missouri Constitution. Although they concede that their petition did not seek *habeas corpus* relief, they suggest that we treat their case as a *habeas* case because it "most resembles" one.

Habeas corpus is appropriate only in cases where a party is claiming that a person is being illegally or wrongfully restrained. § 532.070, RSMo 1994; Rule 91. The law, however, does not authorize an individual who has no previously existing legal right to custody of the child to bring an action in *habeas corpus* for custody. *State ex rel. White v. Swink*, 241 Mo.App. 1048, 256 S.W.2d 825, 830 (1953). The person bringing an action in *habeas corpus* must stand in the position of a parent, guardian or someone entitled to custody because of some court order or judgment. *Id.* The party applying for a writ of *habeas corpus* must affirmatively show that he is entitled to have custody of the child.

Although the child lived with McCoy and Bartell after 1988, they had no previously existing legal right to the child's custody. No court appointed them as legal guardians, and custody had not been adjudicated before the circuit court entered its order in January 1993. We find no basis which would have entitled McCoy and Bartell to bring a *habeas* action. We decline their invitation to treat this matter as one or any other type of action without establishing that they were entitled to bring their action and that the court had jurisdiction.

Before this action, no court had entered a custody order. Although the child has lived with McCoy and Bartell since 1988, they had no legal right, without a court order, to retain custody after Rivera was released from prison. Because McCoy and Bartell asked for custody and control and wanted to continue providing for the child,[2] a guardianship proceeding in the probate division would have been an appropriate action for McCoy and Bartell to pursue. As they concede, they did not do so.

McCoy and Bartell did not establish that they were entitled to bring this action in the circuit court or that the court had subject matter jurisdiction to determine custody.

We, therefore, conclude that the circuit court did not have jurisdiction to enter a custody order or to award partial attorney fees to Rivera. The judgment is void. We, therefore, remand the cause with directions that the circuit court grant Rivera's motion to dismiss.

All concur.

---

2. Section 475.120.1 says, "The guardian of the person of a minor shall be entitled to the custody and control of the ward and shall provide for his education, support and maintenance." The probate division generally has exclusive jurisdiction to hear guardianship cases. *State v. Carver*, 355 S.W.2d 324, 328 (Mo.App.1962). Section 487.090.4, however, provides that a judge of the probate division may transfer a guardianship case to the family court if a request for a guardian for a minor is made under Chapter 475 of the Probate Code.