STATE of Missouri ex rel. MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION, Relator,

v.

The Honorable J. Edward SWEENEY, Judge of the Circuit Court of Lawrence County, Respondent.

No. 21068.

Missouri Court of Appeals, Southern District, Division Two.

Nov. 15, 1996.

Highway & Transp. Com'n, Sikeston, for relator.

No appearance for respondent.

Terry Lee Madewell, party to underlying action, Rule 97.06, Jefferson City, pro se.

CROW, Presiding Judge.

This is an original proceeding in prohibition. Rule 97.[1] Relator identifies itself as: "Missouri Highway and Transportation Commission."[2] Respondent is The Honorable J. Edward Sweeney, Judge of the Circuit Court of Lawrence County.

The proceeding arises from a judgment entered by Respondent on June 16, 1989,[3] in case number CR489–50F in the Circuit Court of Lawrence County. We henceforth refer to the judgment as "the 1989 judgment."

The 1989 judgment provides, in pertinent part:

> "It is therefore ordered, adjudged and decreed that the ... State of Missouri and any of its officers or agents return and deliver to ... Terry Lee Madewell the sum of $9,400.00...."

For convenience, we henceforth refer to Terry Lee Madewell by his surname.

The events from which the judgment arose are chronicled in *Madewell v. Downs*, 68 F.3d 1030 (8th Cir.1995); *State v. Madewell*, 904 S.W.2d 66 (Mo.App. S.D.1995); *State v. Madewell*, 846 S.W.2d 208 (Mo.App. S.D. 1993).

The events relevant to the instant proceeding began on May 20, 1996. On that date, at the instance of Madewell, Respondent issued an order commanding the Clerk of the Circuit Court of Lawrence County to issue a

Rich Tiemeyer, Chief Counsel, Peter M. Donovan, District Counsel, Jefferson City, John W. Koenig, Jr., District Counsel, Mo.

1. Rule references are to Missouri Rules of Civil Procedure (1996). References to Rule 84.24 are to the version that took effect July 1, 1996. *See:* Vol. 906–907 S.W.2d Missouri Cases, pp. LXXXV to LXXXVII.

2. Relator's brief tells us: "Article IV, Constitution of Missouri (Section 29) creates the State Highway and Transportation Commission." Actually, Art. IV, § 29, Constitution of Missouri (1945, amended 1979, effective January 1, 1980), provides: "The department of highways and transportation shall be in charge of a highways and transportation commission." Section 226.020, RSMo 1994, provides: "There is hereby created a 'State Highways and Transportation Commission'...." The Official Manual, State of Missouri, 1995–1996, p. 427, identifies the governing body of the Department of Highways and Transportation as the "State Highways and Transportation Commission." In H.B. No. 991, Eighty-eighth General Assembly, Second Regular Session, 1996, § 226.005.1, RSMo 1994, was amended to read: "The department of highways and transportation shall hereafter be known as the 'Department of Transportation'. The department shall be in charge of a state highway commission as provided by the constitution and statutes." The amendment took effect August 28, 1996.

3. At that time, Respondent was an associate circuit judge. He was elected circuit judge in 1994. Official Manual, State of Missouri, 1995–1996, p. 260.

writ of execution to enforce the 1989 judgment.[4] The Clerk thereupon issued a writ of execution to the sheriff of any county in Missouri, stating:

"Whereas, Terry Lee Madewell has on the 16th day of June, 1989, obtained the judgment of this court against the State of Missouri upon which there is an unpaid balance of Nine Thousand, Four Hundred Dollars ($9,400.00), you are commanded to execute this writ by levying upon the State of Missouri's property and on the 1st day of June, 1996, certifying to this Court how you executed this writ."

On May 30, 1996, the sheriff of Lawrence County handed a copy of the writ of execution to Terry Plybon, a "highway maintenance supervisor" for Relator in Lawrence County. The following day, the sheriff affixed a notice to a Porta–Tank "bridge flusher" owned by Relator and situated on Relator's "maintenance site" in Lawrence County. The notice said:

"This property seized under general execution, case # CR489–50F, issued from Lawrence County Circuit Court, May 24, 1996.

Do not remove notice or property, under penalty of law."

On June 4, 1996, Relator filed a motion to quash the writ of execution in the Circuit Court of Lawrence County.[5] One ground pled in Relator's motion was that Relator is a "separate entity from the State of Missouri," consequently Relator is not indebted to Madewell.

On June 14, 1996, Respondent entered an "Order of Stay of Execution." It provided that a "Stay of Execution be granted so that

[Relator] may seek a preliminary writ of prohibition."

Relator thereupon commenced this prohibition proceeding in this Court.

This Court issued a preliminary order in prohibition commanding Respondent to refrain from enforcing any existing writ of execution against property of Relator regarding the 1989 judgment until further order of this Court, and to file an answer to Relator's petition on or before August 1, 1996.

Respondent filed no answer. However, Madewell, pro se,[6] filed a "Response to Relator's Petition for Writ of Prohibition" in this Court on July 29, 1996.

On August 5, 1996, this Court ordered that Madewell's "Response" be treated as an answer to Relator's petition by a party to the underlying action pursuant to Rule 97.06.[7]

■ Following Madewell's answer, Relator filed a timely brief and Madewell filed a pro se brief in response. Rule 84.24(i).

The record before us consists of only the items in Rule 84.24(g). In marshaling the facts, we are mindful that every allegation of Relator's petition which Madewell neither denied nor confessed and avoided in his answer is taken as true. *State ex rel. Allison v. Barton*, 355 Mo. 690, 197 S.W.2d 667, 668–69[1] (banc 1946). Additionally, where a statement of fact in one party's brief is conceded to be true in the adversary's brief, we may consider it as though it appears in the record. *State ex rel. King v. Sheffield*, 901 S.W.2d 343, 344[1] n. 2 (Mo.App. S.D.1995). The facts recounted in this opinion were assembled by those processes.

---

4. Respondent issued the order of May 20, 1996, in obedience to a "Final Order in Mandamus" issued by this Court on May 14, 1996, in an unreported original proceeding in mandamus styled: "State of Missouri ex rel. Terry L. Madewell v. The Honorable J. Edward Sweeney, Judge of the Circuit Court of Lawrence County." Judge Sweeney, the respondent in that proceeding, filed no answer within the time required by this Court's preliminary order in mandamus, hence this Court issued the final order mentioned in the preceding sentence.

5. The Attorney General of Missouri also filed a motion to quash the execution. That motion gave rise to another original proceeding in prohi-

bition in this Court. It is styled: *"State of Missouri ex rel. Jeremiah W. (Jay) Nixon, Attorney General v. The Honorable J. Edward Sweeney."* Because that proceeding presents issues that need not be addressed in the instant proceeding, we did not consolidate the two.

6. Madewell is presently confined in the Algoa Correctional Center.

7. Rule 97.06 provides, in pertinent part: "Any of the parties below may, within the time fixed for the respondent to answer, file an answer to the petition in prohibition or may answer jointly with the respondent or with each other."

Relator's brief presents three points relied on; the first reads:

"[R]espondent ... must be prohibited from enforcing his writ of execution ... and ordered to grant Relator's motion to quash; in that [Relator] is a legal entity created by the State of Missouri for specified purposes with a constitutionally designated fund source, but it is not the State itself nor does it have the authority to expend those constitutionally designated funds to satisfy a general judgment as against the State of Missouri."

In support of that point, Relator cites *State ex rel. State Highway Commission of Missouri v. Bates*, 317 Mo. 696, 296 S.W. 418 (banc 1927). There, two partners entered into a contract with the State Highway Commission of Missouri to construct a highway. 296 S.W. at 419. The partners later sued the Commission in Jasper County on the contract. *Id.* The Commission maintained it was immune from suit because "the state, being sovereign, cannot be sued without its consent." *Id.* at 420.

The Supreme Court of Missouri said:

"[The Commission] is an entity, with powers of a corporation, established and controlled by the state for a specific public purpose, but that does not make this legal entity the sovereign state. No contract it is authorized to make is made in the name of this state, but in the name of the commission. The sovereign state could have contracted for the building of its public highways in its own name, but it chose to create a legal entity for this work. This act gave to this legal entity no part of the state's sovereignty, but authorized it to proceed to do certain work which the state could have had done by private contracts made direct with the state....

....

... [The Commission] is in no sense entitled to immunity from suit, as is the state....

....

... [T]he state is not a party to the present action...."

*Id.* at 420, 422.[8]

■ *Bates'* concept that Relator is an entity created by the State of Missouri and possessing the powers conferred by the State, but is not the State itself, is embraced in *State ex rel. R.W. Filkey, Inc. v. Scott*, 407 S.W.2d 79, 83[4] (Mo.App.1966), which explains:

"[The State Highway Commission of Missouri and the Land Clearance for Redevelopment Authority of St. Louis] are public entities, created by legislative enactment, for explicit but unrelated purposes, and vested with only such powers as are specifically conferred by our constitution and legislative enactments and with those necessary or proper to enable them to carry out fully and effectively the purposes for which they were created."

In *State Highway Commission of Missouri v. Spainhower*, 504 S.W.2d 121, 125 (Mo.1973), cited by Relator, the Supreme Court of Missouri held that Art. IV, § 30(b), Constitution of Missouri (1945, amended 1962), and § 226.220, RSMo 1969, barred the use of any money in the state road fund for any purpose other than the highway purposes enumerated in those provisions. Consequently, argues Relator, neither its funds nor its equipment are subject to execution to satisfy the 1989 judgment.

Madewell, as we comprehend his answer and brief, concedes Relator is not liable for payment of the 1989 judgment. Madewell's answer says:

*and Transportation Commission*, 762 S.W.2d 27, 28 (Mo. banc 1988), and *State ex rel. Missouri Highway and Transportation Commission v. Appelquist*, 698 S.W.2d 883, 886 (Mo.App. S.D. 1985). (A holding in *Appelquist* on a peripheral point was overruled in *Wilkes*. 762 S.W.2d at 28–29.) The ruling in *Bates* that venue lay in only Cole County was overruled in *State ex rel. Govero v. Kehm*, 850 S.W.2d 100, 102 (Mo. banc 1993).

---

**8.** Despite indicating the Commission was subject to suit on the contract, 296 S.W. at 422, the Supreme Court in *Bates* barred the suit because venue lay in only Cole County. *Id.* at 423. *Bush v. State Highway Commission of Missouri*, 329 Mo. 843, 46 S.W.2d 854 (1932), holds that *Bates* did not expose the Commission to tort liability. 46 S.W.2d at 856–59. The Commission remained immune from tort liability until *Jones v. State Highway Commission*, 557 S.W.2d 225 (Mo. banc 1977). *See: Wilkes v. Missouri Highway*

"Defendant[9] apologizes for the fact that Relator has been involved into this case, which Relator was not a party....

....

[The] Sheriff ... was the officer to deliver the execution upon the State of Missouri. [The] Sheriff ... knew who had taken Defendant's money and who had refused to return the money. [The] Sheriff ... knew it was not the Missouri Highway and Transportation Commission...."

Madewell's brief says:

"Relator was not a party in the judgment.

....

... Defendant believes that [the] Sheriff ... is liable for the amount [of the judgment] for his refusal to execute the writ properly.... Defendant prays that this Honorable Court ... Order Respondent to seize [the sheriff's] Bond and Surety pursuant to §§ 513.340 and 513.345 RSMo[.]"

▮ Evidently, Madewell believes the sheriff, in endeavoring to levy execution on Relator's "bridge flusher," incurred liability to Madewell under §§ 513.340–.345. Madewell cites no authority in support of that hypothesis and fails to explain how he was aggrieved by the purported levy. If anyone was aggrieved, it was Relator, who had to seek relief in this prohibition proceeding.

We find no authority to support Madewell's request that we order Respondent to "seize" the sheriff's bond. The request is denied.

For the reasons set forth above, we hold Relator is not liable to Madewell under the 1989 judgment, hence Relator's property is not subject to execution to enforce the judgment. Having decided that, we need not address Relator's other two points.[10]

Relator is entitled to a peremptory writ of prohibition barring Respondent from enforcing any writ of execution against Relator's property under the 1989 judgment and commanding Respondent to quash the levy on Relator's "bridge flusher." *Cf. State ex rel. Missouri Highway and Transportation Commission v. Pruneau*, 652 S.W.2d 281 (Mo.App. S.D.1983).

Peremptory writ ordered issued.

MONTGOMERY, C.J., and SHRUM, J., concur.

---

9. Madewell refers to himself as "Defendant."

10. We do not imply Relator's property would have been subject to execution if Relator were liable to Madewell under the 1989 judgment. One of Relator's contentions is that execution does not lie against public funds or property, thus Madewell's remedy to satisfy the judgment would be to demand payment from the Commissioner of Administration per § 33.120, RSMo 1994.