STATE of Missouri ex rel., Jeremiah
W. (Jay) NIXON, Attorney
General, Relator,

v.

Honorable J. Edward SWEENEY, Judge
of the Circuit Court of Lawrence
County, Respondent.

No. 21069.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 19, 1996.

Jeremiah W. (Jay) Nixon, Atty. Gen., Timothy W. Anderson, Asst. Atty. Gen., Jefferson City, for relator.

No appearance on behalf of respondent.

Terry Lee Madewell, pro se defendant.

PARRISH, Judge.

This court entered a preliminary order in prohibition which prohibited respondent from ordering execution against property of the State of Missouri or from enforcing execution of a judgment related to property seized in a criminal case. The preliminary order in prohibition is made absolute.

Terry Lee Madewell sought and secured a determination pursuant to § 542.301.1 [1] that he was entitled to the return of property seized from him when he was arrested pursuant to a warrant from the Circuit Court of Lawrence County. His motion for the return of property was filed March 29, 1989. Judgment was entered June 16, 1989. It states, as applicable to this proceeding:

> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the ... State of Missouri and any of its officers or agents return and deliver to ... Terry Lee Madewell the sum of $9,400.00 and a 1978 Love [sic] Pickup VIN CLN1488239884.

Madewell was arrested in Greene County January 17, 1989. He had a small quantity of marijuana in his coat pocket. The arresting officers also found currency in the amount of $9,400 in Madewell's vehicle. The currency and the vehicle, a 1978 Chevrolet LUV pickup truck, were seized by the arresting officers, members of the Missouri State Highway Patrol. Additional charges were filed in Greene County based on Madewell's possession of marijuana.

When the currency was seized, it was deposited in the highway patrol's Criminal Forfeiture Fund. On May 1, 1989, according to *Madewell v. Downs*, 68 F.3d 1030, 1035 (8th Cir.1995) (the federal case), it was turned over to the federal Drug Enforcement Administration (DEA). The DEA commenced an administrative forfeiture proceeding.

As explained in the federal case, a notice of seizure letter was sent to Madewell by certified mail at his last known address. The address was the one Madewell gave when he was arrested on the Lawrence County warrant. The notice letter was returned marked; "Moved. Left no address." The DEA then published notice of the seizure. No claims were made to the property. The property was administratively forfeited December 7, 1989, in accordance with 21 U.S.C. § 881. *See Madewell v. Downs*, 68 F.3d at 1035.

The defendants in Madewell's federal case were DEA agents and members of the Missouri State Highway Patrol. The claim against the members of the patrol was a 42 U.S.C. § 1983 proceeding. The U.S. District Court entered summary judgment for all defendants. The judgment was affirmed on

---

1. References to statutes are to RSMo 1994, unless stated otherwise.

appeal August 29, 1995. *Madewell v. Downs, supra.*

The brief Madewell filed with this court offers a chronology of efforts he undertook to enforce the Lawrence County judgment. His recitations are consistent, to the extent possible to check, with records of this court and with the statement of facts in relator's brief.

Madewell's brief offers the following chronology:

1) In November 1995, after the 8th Circuit affirmed the district court judgment in the federal case, Madewell requested that execution issue on the Lawrence County Circuit Court judgment. He states that execution did not issue.

2) In March 1996, Madewell sought mandamus in this court to compel the Circuit Court of Lawrence Count to order the clerk to issue execution. This court entered a preliminary order in mandamus in response to Madewell's petition. No answer was filed within the time directed by the preliminary order. On May 14, 1996, this court issued a "Final Order in Mandamus" that compelled the circuit court to order execution to issue. The "Final Order in Mandamus" was issued in an unreported original proceeding styled, "State of Missouri ex rel. Terry L. Madewell v. The Honorable J. Edward Sweeney."

3) Execution issued from the Circuit Court of Lawrence County to enforce Madewell's judgment for return of property seized. *See State ex rel. Missouri Highway and Trans. Comm'n, v. Sweeney,* 933 S.W.2d 908 (Mo.App.S.D.1996).

As reflected in *State ex rel. Missouri Highway and Trans. Comm'n v. Sweeney, supra,* Madewell attempted to levy on property belonging to the Highway and Transportation Commission. He attempted to reach the property to satisfy what he perceives to be a money judgment against the State of Missouri. The attorney general sought, unsuccessfully, to quash execution in the Lawrence County case. This proceeding followed.

Relator presents two points in support of his request for a final order in prohibition. Point II is dispositive.

Relator's Point II contends, among other things, that the currency seized, and which was later ordered returned pursuant to Madewell's § 542.301 motion, has been forfeited; that, therefore, Madewell is no longer entitled to have execution issue. Relator argues that the execution that issued was unlawful.

The execution that issued from the Lawrence County Circuit Court was in the form of a general execution. *See* Rule 76.02; *see also* §§ 513.015–.025. It was directed to the sheriff of any county of the state and commanded:

Whereas, Terry Lee Madewell has on the 16th day of June, 1989, obtained the judgment of this court [the Circuit Court of Lawrence County] against the State of Missouri upon which there is an unpaid balance of Nine Thousand, Four Hundred Dollars ($9,400.00), you are commanded to execute this writ by levying upon the State of Missouri's property and on the 1st day of June, 1996, certifying to this Court how you executed this writ.

Section 513.015 provides, "The party in whose favor any judgment, order or decree is rendered, may have an execution in conformity therewith." Similarly, § 511.340 provides:

When a judgment requires the performance of any other act than the payment of money, a certified copy of the judgment may be served upon the party against whom it is given, and his obedience thereto required. If he neglect or refuse, he may be punished by the court as for a contempt, by fine or imprisonment, or both, and, if necessary, by sequestration of property.

Consistent with § 511.340, Rule 74.07, states, "When any order or judgment is for the delivery of possession, a writ of possession may issue to put the party entitled into possession, or attachment or sequestration may issue."

■ Madewell's judgment was for return of seized property; currency in the amount

of $9,400 and a pickup truck.[2] It was not a money judgment for which a general execution was warranted. Madewell's judgment was enforceable by special execution. ("Except for directing a levy on, and limiting it to, specific property, the special execution is the same as the general execution." *McAllister v. Garrett*, 591 S.W.2d 31, 33 (Mo.App.1979).) General execution should not have issued. The preliminary order prohibiting its enforcement should be made final.

█ Relator also requests this court to prohibit respondent from permitting further executions to issue in the Lawrence County case against property of the State of Missouri. This court holds the state is entitled to that relief.

The fund representing the currency seized from Madewell was transferred from the highway patrol to agents of the United States government May 1, 1989. *See Madewell v. Downs*, 68 F.3d at 1035. The Lawrence County Circuit Court judgment ordering the currency returned to Madewell was entered June 16, 1989, after the fund had been transferred. Because the currency had been transferred to the United States prior to that date, the Lawrence County Circuit Court lacked the necessary subject matter jurisdiction to enter judgment directing return of the currency to Madewell. It had no jurisdiction over the res in question, the currency Madewell sought to have returned. *See Conrod v. Missouri State Highway Patrol*, 810 S.W.2d 614, 617 (Mo.App.1991).

"[I]n order for a court to acquire jurisdiction to adjudicate, it must have jurisdiction of the subject matter, jurisdiction of the res or the parties, and jurisdiction to render a particular judgment in a particular case." *Schneider v. Sunset Pools of St. Louis, Inc.*, 700 S.W.2d 137, 138 (Mo.App.1985). A judgment entered in excess of the jurisdiction of the trial court is void. *Id.*

The preliminary order in prohibition is made final. Respondent is prohibited from taking further action to enforce any execution heretofore issued against the State of Missouri in Lawrence County Circuit Court case No. CR489–50F or from issuing further execution in that case against the property of the State of Missouri.

CROW, P.J., and SHRUM, J., concur.

---

**2.** Possession of the pickup truck was not an issue with respect to the execution that is the subject of this proceeding. Pleadings before this court indicate that Madewell retrieved the pickup in 1989 upon paying costs incurred in its storage.